# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL EDWARD CRAGHEAD,** | ) | **CASE NO. 7:19CV00690** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **AMHERST COUNTY ADULT** | ) | |
| **DETENTION CENTER,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Michael Edward Craghead, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Amherst County Adult Detention Center ("ACADC"), claiming various violations of his constitutional rights. After review of the record, the court concludes that this civil action must be summarily dismissed.

Craghead alleges that on September 17, 2019, he went to the ACADC medical unit, complaining of a headache and problems with his leg. He underwent an x-ray of his leg and had his blood pressure checked. Staff told him that he had moderate hypertension and that "they would keep a check on it." Compl. 3, ECF No. 1. On September 27, 2019, Craghead suffered another "very bad headache." Id. He called his wife and asked her to call ACADC about getting him medical care. A few minutes later, an officer took Craghead to the medical unit. His blood pressure was "182/108 which was almost sever[e] hypertension." Id. He received medication and was told to go back to the pod and relax[ ]." Id. He also alleges, "Medical is giving out med's to other people and not log[g]ing it down as well as not checking up on inmate's as they should." Id. at 2.

In his second claim, Craghead alleges that some of his incoming mail was received at ACADC on a Monday, but was not delivered to him until Thursday. An officer told him that

"the mail people did not go thru the mail on Monday like they should have." Id. at 3. Another time, Craghead turned in outgoing mail on Thursday evening, to be mailed out the next morning, but it did not get to the post office until Monday of the following week. He complains that "there is no standard's about the mail because they make the schedule" at ACADC. Id.

The court is required to dismiss any action filed by a prisoner against a governmental entity or officer if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Craghead identifies only one defendant: ACADC. A local jail, however, cannot qualify as a person subject to being sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Because Craghead's § 1983 claims cannot proceed against the only defendant he has named, the court will summarily dismiss the action without prejudice under § 1915A(b)(1).[1] An appropriate order will enter this day. Such a dismissal

---

[1] Moreover, Craghead's current allegations do not state any actionable constitutional claim against anyone at the jail. Only "[a] prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The inmate must state facts showing that the defendant official subjectively knew of and disregarded an excessive risk to the inmate's health or safety. Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Craghead has not alleged that anyone at ACADC knew of and ignored his high blood pressure. His mail delay allegations are similarly insufficient to state any claim of a constitutional dimension. See, e.g., Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2004) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

leaves Craghead free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[2]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of October, 2019.

                                                                                    Senior United States District Judge

---

[2] The court also notes that Craghead's present complaint joins two unrelated claims in one lawsuit, a deficiency he must correct if he decides to file another federal civil action. See Fed. R. Civ. P. 18, 20.